UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ILANA ABRAHAM, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>ST. MARY'S HOSPITAL OF ST. MARY'S COUNTY, INC.,<br><br>　　　　　　　　Defendant. | Case No. 8:25-cv-3479<br><br>Removed from the Circuit Court for St. Mary's County, Maryland, Case No. C-18-CV-25-000599 |

## NOTICE OF REMOVAL

Defendant St. Mary's Hospital of St. Mary's County, Inc. ("SMH") hereby removes this action currently pending in the Circuit Court for St. Mary's County, Maryland to the United States District Court for the District of Maryland, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, SMH states as follows:

### NATURE OF REMOVED ACTION

1)　　On September 22, 2025, Plaintiff Ilana Abraham filed a Class Action Complaint against SMH asserting claims for negligence and violation of the Maryland Personal Information Privacy Act and Consumer Protection Act in connection with a data security incident. The Incident involved unauthorized access to patient data hosted by Oracle Health (formerly Cerner Corporation)—an electronic-health-record vendor—on behalf of its clients, including SMH. (Compl. ¶ 16; *see also* Ex. 1 to Complaint.)

2) Following notice of the Incident, numerous plaintiffs filed class action complaints in multiple jurisdictions raising identical claims against both Oracle Health and its clients who provided notice of the Incident. To date, 32 actions bringing claims regarding the Incident against Oracle Health and its clients have been consolidated in the Western District of Missouri before Chief Judge Beth Phillips. S*ee In re: Cerner/Oracle Data Breach Litig.*, Case No. 4:25-cv-00259-BP, ECF 21, 25, 31, 34, 42, 43, 45–47, 54, 56, 58, 60, 65.

3) Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on SMH in the State Court Action is attached hereto as **Exhibit B**.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(d)

4) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5) This action is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Pursuant to CAFA, where a proposed class involves 100 or more class members, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5).

6) "[N]o antiremoval presumption attends cases invoking CAFA. . . . [Instead,] CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7) Each of the CAFA requirements is met here.

**A.  This is a class action with more than 100 putative members.**

8) Plaintiff seeks to represent a nationwide putative class of "over ten thousand (10,000) individuals whose Personal Information may have been improperly accessed in" the Incident. (Ex. A, Compl. ¶ 72.)

9) Thus, the proposed class meets the 100-person CAFA requirement.

**B.  Minimal diversity exists.**

10) Minimal diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11) A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

12) SMH is incorporated in Maryland and maintains its principal place of business in Maryland. Thus, SMH is a citizen of Maryland.

13) Plaintiff's proposed class includes citizens from states other than Maryland. Indeed, Plaintiff seeks to represent a nationwide putative class of all persons whose personal information was accessed or acquired without authorization during the Incident (Ex. A, Compl. ¶¶ 69, 72) and the Incident involved individuals from numerous states.

14) Because SMH and members of the proposed class are citizens of different states, CAFA's minimal diversity requirement is met.

**C.     The amount in controversy is satisfied.**

15) Evidence is not required to establish the amount in controversy in a notice of removal—instead, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sayre v. Westlake Servs., LLC*, 2015 WL 4716207, at *6 (D. Md. Aug. 7, 2015) (citing *Dart Cherokee*, 574 U.S. at 89).

16) Although SMH denies Plaintiff's allegations—and fully reserves its rights to contest their adequacy—Plaintiff's request for damages, injunctive and declaratory relief and attorney's fees on behalf of herself and a nationwide class is sufficient to exceed the jurisdictional threshold. Indeed, CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

17) Here, Plaintiff alleges the value of her claims "exceeds $25,000" and that her claims are "typical of those of other Class Members." (Ex. A, Compl. ¶¶ 2,

88.) Plaintiff further alleges the class is comprised of over 10,000 individuals. (Ex. A, Compl. ¶ 72.) Thus, the amount in controversy exceeds the CAFA threshold. *See, e.g.*, *Skipper v. CareFirst BlueChoice, Inc.*, 2023 WL 2410858, at *3 (D. Md. Mar. 8, 2023) ("The amount in controversy is calculated by multiplying the number of potential class members by the average damages each class member sustained."); *In re Blackbaud, Inc.*, 2021 WL 1940581, at *5 (D.S.C. May 14, 2021) ("Given Peterson's alleged damages of at least $50,000, Peterson's assertion that his claims are typical of the class, and the purported class of thousands, the original Complaint satisfies CAFA's five (5) million-dollar amount-in-controversy requirement."); *Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236–37 (S.D .Fla. 2011) (plaintiff's class action complaint pleading that her claims exceeded the $15,000 jurisdictional limit in Florida state court was sufficient to meet the CAFA amount-in-controversy requirement where the class consisted of 100,000 people— "[T]he requisite amount of controversy of $5,000,000.00 is evident on the face of the complaint as 100,000 times $15,000.00 exceeds $5,000,000.00.").

18) Plaintiff also seeks injunctive relief and attorney's fees—both of which are properly included in the calculation of, and further increase, the amount in controversy. *See Stewart v. Truist Fin.*, 2024 WL 2977886, at *4 n.2 (D. Md. June 13, 2024) (attorney's fees are included in the amount in controversy if available under a statute like the Maryland Consumer Protection Act); *Johnson v. Think Computer Corp.*, 2023 WL 3742990, at *5 (D. Md. May 31, 2023) ("[R]equests for injunctive relief must be valued in determining whether the plaintiff has alleged a

sufficient amount in controversy. The value of an injunction for amount in controversy purposes is ascertained by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant.").

19) Because Plaintiff is plausibly seeking in excess of $5,000,000 in damages and other relief related to the individual and proposed class-wide claims, the amount in controversy is satisfied.

20) This matter, therefore, satisfies all requirements of 28 U.S.C. § 1332(d) and properly belongs in federal court pursuant to CAFA.

## VENUE IS PROPER

21) This Court is in the judicial district and division embracing the place where Plaintiff filed the State Court Action and where it is pending. Specifically, the United States District Court for the District of Maryland embraces the Circuit Court for St. Mary's County, Maryland. *See* 28 U.S.C. §§ 1441, 1446.

## TIMELINESS OF REMOVAL

22) Plaintiff served her Complaint on September 24, 2025.

23) SMH filed this Notice within 30 days after service of the Complaint. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## PRAYER FOR REMOVAL

WHEREFORE, SMH respectfully requests that the above action now pending in the Circuit Court for St. Mary's County, Maryland be removed to the United States District Court for the District of Maryland.

Dated: October 22, 2025    Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Scully*
Elizabeth A. Scully (27402)
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036
Tel: (202) 861-1500
Email: escully@bakerlaw.com

*Attorney for Defendant*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2025, a true and correct copy of the foregoing document was served via email and U.S. mail upon the following:

Eric Menhart, Esq.
Lexero Law
80 M St SE, Ste 100
Washington, DC 20003
Eric.Menhart@Lexero.com

*Attorney for Plaintiff and the Putative Class*

*/s/ Elizabeth A. Scully*
*Counsel for Defendant*
